# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

Gregory A. Moriva,

    Plaintiff,

v.

Case No. 21-cv-817

The City of Monona, Wisconsin,
And, in their Individual Capacities,
Ryan Losby and Curtis Wiegel,

    Defendants.

# COMPLAINT

**I.    NATURE OF ACTION**

101.    This is a civil rights action arising out of the unlawful seizure of the person of the Plaintiff, by Defendant Losby, in violation of the Plaintiff's right to be free from arrest in the absence of probable cause to believe that he had committed any crime, secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States, with a pendent state law claim of libel based on the issuance of a false and defamatory press release by the individual Defendants and the City of Monona.

## II. JURISDICTION AND VENUE

201. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

202. The Court has jurisdiction over the supplemental state claims pursuant to 28 U.S.C. § 1367.

203. The Western District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Western District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## III. PARTIES

### A. Plaintiff

301. The Plaintiff, Gregory A. Moriva, is a natural person with the capacity to sue and be sued in this Court.

### B. Defendants

303. Defendant Ryan Losby is, on information and belief, an adult resident of Wisconsin. At all times relevant to this lawsuit, Defendant Losby was employed as a police officer for the City of Monona, acting under color of law within the meaning of 42 U.S.C. § 1983, and within the scope of his employment as that term is used in Wis. Stats. §895.46.

304. Defendant Curtis Wiegel is, on information and belief, an adult resident of Wisconsin. At all times relevant to this lawsuit, Defendant Wiegel was employed as a police officer for the City of Monona, acting under color of law within the meaning of 42 U.S.C. § 1983, and within the scope of his employment as that term is used in Wis. Stats. §895.46.

305. Defendant City of Monona, Wisconsin, is a Wisconsin city with the capacity to sue and be sued in this Court. Defendant City of Monona is liable for the unlawful acts of the Defendants Losby and Wiegel because they were acting within the scope of their employment pursuant to Sec. 895.46, Wis. Stats. The Plaintiff does not allege that the wrongful acts alleged herein were carried out pursuant to a custom or policy of the City of Monona.

## IV.   ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401. On December 30, 2018, Defendant Ryan Losby, then a police officer for the City of Monona, Wisconsin, arrested Plaintiff Gregory A. Moriva, in the Monona Police Department headquarters, for soliciting a prostitute, without probable cause.

402. On Saturday afternoon, December 29, 2018, Mike Harrop, a friend of Plaintiff Gregory Moriva, invited Moriva out for drinks with him and his date, Erica Briggs.

403. They rendezvoused at Buffalo Wild Wings in Fitchburg.

404. Harrop thought it would be entertaining to summon a prostitute, Tanisha Fowler, to join the group and pose as a woman who simply became enormously attracted to Plaintiff Moriva over the course of the evening.

405. Fowler, whom Plaintiff Moriva had never met and whom Plaintiff Moriva did not learn until much later was a prostitute, arrived, posing as an acquaintance of Harrop, and joined the group.

406. Another acquaintance, Sam DiMaggio, arrived and joined the group as well.

407. Later, the group, absent DiMagio, relocated to The Flying Hound, another tavern.

408. Moriva was not attracted to Fowler and did not like her.

409. At approximately two o'clock a.m., Mr. Moriva went to the men's room and when he returned to the group's table, he found that Harrop and Briggs had left, leaving him alone with Fowler.

410. Moriva told Fowler that he would be going, as well, but she said she did not have a ride and asked him to give her a ride to her home.

411. Moriva reluctantly agreed, but after they were underway in Moriva's car, Fowler would not tell Moriva where she lived.

412. Moriva then decided to take Fowler to Harrop's house, as he had been the one to bring her into the evening's events, and Fowler began to get violent in the car, grabbing the steering wheel.

413. As they were proceeding westbound on the beltline, nearing the Todd Drive exit, Fowler pulled a knife out and put it to Moriva's throat and yelled, "You don't seem to understand! You're going to turn this fucking truck around right now and go back to Monona drive where my enforcers can clean out all of your bank accounts!"

414. Fowler used her knife to force Moriva to turn his truck around from west-bound to east-bound.

415. Fowler next forced Moriva at knifepoint to drive to an ATM machine and withdraw $300, which she took.

416. Fowler wanted more money, but the ATM would not let Moriva complete a second transaction, so Fowler permitted Moriva to drive, at knife-point, to the Monona Kwik Trip gas station, where Moriva told Fowler he would be able to get money from their ATM.

417. When they arrived, Fowler stabbed Moriva twice while they were outside in the Kwik Trip parking lot. She punctured his left hand and stabbed his shoulder and slashed his winter coat.

418. From the parking lot, Moriva ran into the Kwik Trip, and Fowler chased him with her knife and then tried to stab him two more times inside the Monona Kwik Trip, but missed. Then Fowler stole more money out of Moriva's coat pockets.

419. Moriva yelled to the Monona Kwik Trip clerk to call the police. Monona Police Officer Taylor Pederson responded and found Fowler sitting on a picnic table outside. Without prompting, Fowler stated, "Yes, I was gonna cut his ass! You hear me?" Fowler told this to Monona police officer Taylor Pederson, while Fowler had her

5

knife out, presumably knowing that she was on camera. Fowler was handcuffed and arrested.

420. Moriva was then told by the Monona police that he had to go back to the Monona police station. He asked the Monona police officer if he could drive his truck to the Monona police station and the officer said no and that Moriva had to ride in the back of the police car and he didn't have a choice on this. Moriva was then locked into the back of the Monona police car.

421. When they arrived at the Monona police station, the police put Moriva and Fowler into two separate interrogation cells and locked them in.

422. The Monona police took drug paraphernalia from Fowler.

423. Moriva was read his Miranda rights by Sgt. Ryan Losby and exercised his right to remain silent. Moriva was then arrested at the Monona police station by Sgt. Ryan Losby for soliciting a prostitute. Moriva was taken to the Dane County Jail.

424. The only possible information that Losby possessed to the effect that Moriva had solicited a prostitute came from Fowler, and she was a wildly unreliable informant, as she was had admitted to extensive criminal activity that night.

425. Losby, thus, had no probable cause to arrest Moriva.

426. On January 14, 2019, Assistant District Attorney Stacia Dunn sent Moriva's criminal defense attorney, Jessa Nicholson, an email stating that Mr. Moriva's prostitution charges had been declined for prosecution.

6

427. The police sent a press release to the media on December 30, 2018, at 12:18 p.m. that said, "Man comes up short on prostitution payment and gets stabbed because he didn't pay the full amount that he owed."

428. The media picked up this story and it went viral nationwide.

429. It was all over the news, Internet, Facebook and Twitter.

430. This story was not true.

431. Sgt. Ryan Losby and Lieutenant Curtis Weigel created the defamatory press release.

432. Plaintiff Moriva has incurred significant legal expense in connection with his false arrest and the attendant devastating publicity.

V. **BASIS OF LIABILITY**

　　A. **Fourth Amendment.**

501. The individual Defendant, Nicholas Losby, violated Gregory A. Moriva's right to be free from unreasonable seizure when he arrested Moriva without probable cause.

　　B. **Defamation.**

502. The individual Defendants, Losby and Wiegel, committed the common-law tort of libel when they promulgated a false and damaging press release without any reasonable basis to believe that the facts it alleged about Mr. Moriva were true.

      **C.**    **Sec. 895.46, Wis. Stats.**

503.    Defendant City of Monona, Wisconsin, is liable for the unlawful acts of the Defendants Losby and Wiegel because they were acting within the scope of their employment pursuant to Sec. 895.46, Wis. Stats. The Plaintiff does not allege that the wrongful acts alleged herein were carried out pursuant to a custom or policy of the City of Monona.

**VI.**    **DAMAGES.**

    **A.**    **Compensatory Damages.**

601.    By virtue of the unlawful actions of the individual Defendant alleged above, Plaintiff Gregory A. Moriva suffered physical and emotional distress, and incurred legal expenses and immense injury to his good name and reputation, for which he seeks an award of compensatory damages in an amount deemed just by the Court.

    **B.**    **Punitive Damages.**

602.    Because the acts of the individual Defendants herein alleged were carried out with reckless disregard for Mr. Moriva's fundamental rights, the Plaintiff seeks awards of punitive damages against the individual Defendants to deter them and others similarly situated from similar wrongful acts in the future.

## VII. CONDITIONS PRECEDENT

701. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII. REQUEST FOR TRIAL BY JURY

801. The Plaintiff requests trial by jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the court to grant a judgment against the Defendants awarding him damages, costs, attorney's fees and such other and further relief as the Court deems just.

Dated this Tuesday, December 28, 2021.

    Respectfully submitted,

    Gregory A. Moriva,

    Plaintiff

    By

    THE JEFF SCOTT OLSON LAW FIRM, S.C.
    JEFF SCOTT OLSON
    State Bar Number 1016284
    131 West Wilson Street, Suite 1200
    Madison, WI  53703
    Phone:    608 283-6001
    Fax:    608 283 0945
    E-mail:    jsolson@scofflaw.com

/s/ Jeff Scott Olson
_____
Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF