UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

GREGORY A. MORIVA,

    Plaintiff,                                              CASE NO. 21-cv-817

v.

CITY OF MONONA, et al.

    Defendants.

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

Defendants, City of Monona, Ryan Losby, and Curtis Wiegel, by their attorneys, Wirth + Baynard, submit this Brief in Support of their Motion for Summary Judgment seeking dismissal of all claims.

## INTRODUCTION

This case arises out of the December 30, 2018, arrest of Plaintiff, Gregory Moriva ("Moriva"), for prostitution under Wis. Stat. § 944.30. Plaintiff brings one cause of action against the arresting officer, Monona Detective Ryan Losby ("Det. Losby"), whom he claims violated his Fourth Amendment rights because, as he alleges, "[t]he only possible information that Losby possessed to the effect that Moriva had solicited a prostitute came from Fowler, and she was a wildly unreliable informant, as she was had [sic] admitted to extensive criminal activity that night." (Dkt. 16, ¶¶ 446-447, 501)

Moriva cannot speculate as to what Det. Losby knew at the time, and his guess is incorrect. Det. Losby not only possessed witness information from Fowler, who stated that she agreed to have sex with Moriva on the basis that he would pay her $600 dollars; but Det. Losby also possessed information from Moriva himself, who provided an on-scene statement to Monona

Officer Ryan Hickmann, where he stated that he took Fowler home and "fooled around" with her. Further, Moriva does not allege any claims against the City of Monona.

For those reasons, Defendants move for summary judgment seeking dismissal of Plaintiff's claims. All relevant facts have been set forth in Defendants' Proposed Findings of Fact, filed herewith.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018); *citing Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trials." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary Judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087-88 (7th Cir. 2018); *citing Celotext Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

**I.     PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINS THE CITY OF MONONA.**

Plaintiff's Amended Complaint attempts to state a claim against the City of Monona by citing Wis. Stat. § 895.46, an indemnification statute that provides as follows:

> If the defendant in any action or special proceeding is a public officer or employee and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employee and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employee . . . in excess of any insurance applicable to the officer or employee shall be paid by the state of political subdivision of which the defendant is an officer or employee.

Wis. Stat. § 895.46(1)(a); *see also* (Dkt. 16, ¶ 503). Citation to this statute does not allege a cause of action, but rather is an assertion of a damages theory. Section 895.46 creates a private right of action for public officials against whom a judgment has been entered, not persons suing for violations of their civil rights. *See Chiroff v. Milwaukee Cty.*, 2000 WI App 233 n.11, 239 Wis. 2d 232, 619 N.W.2d 307 ("The intent of [§ 895.46] is to enable an official of a political subdivision to bring an action against the political subdivision to obtain reimbursement for an obligation of the political subdivision he or she has borne."); *Williams v. Michalsen*, No. 19-CV—PP, 2020 WL 1939136, at *9 (E.D. Wis. April 21, 2020)("If the individual officers are found liable, the indemnity mandated by § 895.46 will be triggered; the plaintiffs do not need to sue the county for that to happen.").

Since there is no claim alleged against the City of Monona, the City must be dismissed.

## II. DETECTIVE LOSBY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW, BECAUSE HE HAD PROBABLE CAUSE TO ARREST MORIVA FOR PROSTITUTION.

Plaintiff's Fourth Amendment claim alleged against Det. Losby must be dismissed as a matter of law because Det. Losby possessed probable cause to arrest Moriva. Courts in the Seventh Circuit have made it clear that an eyewitness's complaint or information is sufficient, in and of

3

itself, to form probable cause. *Grimm v. Churchill*, 932 F.2d 674, 675-76 (7th Cir. 1991); *citing Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 439-40 (7th Cir. 1986)(reasoning that "[j]ust as a single eyewitness's statement—without further investigation or a narration of contrary evidence—can support a warrant, so a single eyewitness's statement can support an indictment and a conviction."). Further, self-incriminating testimony is recognized as one of the most reliable forms of probable cause. *Coolidge v. New Hampshire*, 403 U.S. 443, 468, 91 S. Ct. 2022, 2039, 29 L. Ed. 2d 564 (1971), *holding modified by Horton v. California*, 496 U.S. 128, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990).

Nevertheless, probable cause analysis are based on "what the police know, not whether they know the truth . . .." *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 439 (7th Cir. 1986). As such, courts evaluate probable cause:

> "[N]ot on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer – seeing what he saw, hearing what he heard." *Mahoney v. Kesery*, 976 F.2d 1054, 1057 (7th Cir. 1992). The test, an objective one, is whether a reasonable officer would have believed the person had committed a crime. If so, the arrest is lawful even if the belief would have been mistaken." *Id.* at 1057-1058.

*Kylley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998).

In addition, officers are permitted to rely on law enforcement's resources in their investigation, such that "[o]bservations of fellow officers . . . engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number." *U.S. v. Ventrescai,* 380 U.S. 102, 111 (1965). In *U.S. v. Sawyer,* the Court ruled that "[w]hen law enforcement officers are in communication regarding a suspect, the knowledge of one officer can be imputed to the other officer under the collective knowledge doctrine. 224 F.3d 675, 680 (7th Cir. 2000). "Under the 'collective knowledge' doctrine, the officers who actually make the arrest need not personally

4

know all the facts that constitute probable cause if they reasonably are acting at the direction of other officers.'" *United States v. Nickison*, 628 F.3d 368, 376 (7th Cir. 2010). Moreover, even a subsequent acquittal of the charged offense does not establish the lack of probable cause at the time of the arrest. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979); *Humphrey v. Staszak*, 148 F.3d 719, 728 (7th Cir. 1998).

Here, Det. Losby had witness testimony from both Fowler and Moriva, information from Fowler's brothers, and information from the on staff Kwik Trip Employees. (Defs' PFOF ¶¶ 45, 66, 73-101) Based on the information provided by the witnesses, including Moriva himself, Det. Losby had ample evidence to arrest Moriva for prostitution.

In Wisconsin, any person who intentionally does any of the following is guilty of prostitution:

> "(a) Has or offer to have or requests to have nonmarital sexual intercourse for anything of value;
> (b) Commits or offers to commit or requests to commit an act of sexual gratification, in public or in private, involving the sex organ of one person and the mouth or anus of another for anything of value;
> (c) Is an inmate of a place of prostitution;
> (d) masturbates a person or offers to masturbate a person or requests to be masturbated by a person for anything of value;
> (e) commits or offers to commit or requests to commit an act for anything of value.

Wis. Stat. § 944.30. During Fowler's interview with Det. Losby, Fowler indicated that she was talking to Moriva about sex, they agreed to have sex for $600, and they went to Moriva's home where they had sex. (Defs' PFOF ¶ 77) Moriva's own witness testimony to Officer Hickmann confirms that Moriva took Fowler to his home and had sex. (Defs' PFOF ¶¶ 53-55) That testimony alone created probable cause to arrest Moriva for prostitution, because he had sexual intercourse

5

with Fowler after she made a request to have nonmarital sexual intercourse with him for money. *See* Wis. Stat. § 944.30(a).

Plaintiff, however, incorrectly alleges that "[t]he only possible information that Losby possessed to the effect that Moriva had solicited a prostitute came from Fowler, and she was a wildly unreliable informant, as she was had (sic) admitted to extensive criminal activity that night. . .. Losby, thus, had no probable cause to arrest Moriva." (Dkt. 16, ¶¶ 446-447)  As an initial matter, Fowler's self-incriminating witness testimony is recognized as one of the most reliable forms of testimony. *Coolidge v. New Hampshire*, 403 U.S. 443, 468, 91 S. Ct. 2022, 2039, 29 L. Ed. 2d 564 (1971), *holding modified by Horton v. California*, 496 U.S. 128, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990).  Indeed, the highly prejudicial nature of self-incriminating testimony is a fundamental basis behind the Fifth Amendment's constitutional provision against government compulsion of self-incrimination. *See* U.S.C.A. Const. Amend. 5; *see also Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L. Ed. 2d 274 (1973)(ruling that the Fifth Amendment provides that no person 'shall be compelled in any criminal case to be a witness against himself.')

Yet, Fowler's self-incriminating statements was not the only information that Det. Losby possessed.  Indeed, Det. Losby conferred with Officer Hickmann who received a statement from Moriva, and information from Fowler's brother and the on-staff Kwik Trip employees, while at the scene.  (Defs' PFOF ¶¶ 45, 66, 73-101) As noted above, "[w]hen law enforcement officers are in communication regarding a suspect, the knowledge of one officer can be imputed to the other officer under the collective knowledge doctrine. *U.S. v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000). "Under the 'collective knowledge' doctrine, the officers who actually make the arrest need not personally know all the facts that constitute probable cause if they reasonably are acting at the direction of other officers.'" Therefore, because Det. Losby possessed information gathered from

6

Officer Hickmann that Moriva took Fowler home and "fooled around" with her, and information from Fowler that she consented to sex on the basis that Moriva would pay her $600 dollars, it was reasonable for Det. Losby to conclude that Moriva was involved in prostitution. (Defs' PFOF ¶¶ 45, 66, 73-101)

Thus, this Court should dismiss Plaintiff's Fourth Amendment claim brought against Det. Losby.

## II.  DET. LOSBY IS ENTITLED TO QUALIFIED IMMUNITY.

Even if Moriva could establish that Det. Losby violated his constitutional rights, which he did not, Det. Losby is entitled to qualified immunity. Qualified immunity protects police officers and government officials "when they act in a manner that they reasonably believe to be lawful." *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009); *see Pearson v. Callahan*, 555 U.S. 223, 244, 129 S.Ct. 808, 823, 172 L. Ed. 2d 565 (2009). The doctrine allows "ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)(internal quotation marks omitted). Qualified immunity "erects a substantial barrier for plaintiffs, and appropriately so because qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who knowingly violate the law." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1177 (7th Cir. 1994). Plaintiff bears the burden of overcoming Defendants' qualified immunity defense. *Mannoia v. Farrow*, 476 F. 3d 453, 457 (7th Cir. 2007) (ruling that "[a]lthough the privilege of qualified immunity is a defense, the plaintiff carries the burden of defeating it.")

In order to defeat a properly raised qualified immunity defense, Moriva must establish two things: *first*, the undisputed facts establish an underlying constitutional violation; and *second*, the constitutional right at issue was "clearly established" with the requisite level of specificity at the

time of the defendant's alleged misconduct." *Mordi v. Zeigler*, 770 F.3d 1161, 1164 (7th Cir. 2014). Moriva cannot make this showing because he cannot demonstrate that Det. Losby violated his constitutional rights.

As noted above, Det. Losby received eyewitness information from the involved parties, which by itself is sufficient to form probable cause. (Defs' PFOF ¶¶ 45, 66, 73-101); *Grimm v. Churchill*, 932 F.2d 674, 675-76 (7th Cir. 1991). Moreover, Courts in the Seventh Circuit have made it clear that probable cause "need not be based on evidence to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Hughes v. Meyer*, 880 F.2d 967, 969 (7th Cir. 1989), *cert. den'd*, 495 U.S. 931 (1990). Instead, probable cause determinations turn "on the facts as they would have appeared to a reasonable person in the position of the arresting officer – seeing what he saw, hearing what he heard." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994) (citation and internal quotation marks omitted), *cert. den'd*, 513 U.S. 1128 (1995). Thus, it is enough that Det. Losby received information from Fowler that Moriva agreed to pay her $600 dollars for sex, and that Moriva took her to his home and had sex. (Defs' PFOF ¶¶ 45, 66, 73-101) Det. Losby's arrest of Moriva was reasonable under the circumstances and existing case law. As such, it is clear that Det. Losby is entitled to qualified immunity.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court dismiss all of Plaintiff's claims against them, with prejudice and with such costs and disbursements as the Court deems equitable.

Dated at Wauwatosa, Wisconsin this 10th day of March 2023.

                WIRTH + BAYNARD
                Attorneys for Defendants

                */s/ Kyle R. Moore*
                Kyle R. Moore (WI State Bar No. 1101745)
                9898 West Bluemound Road, Suite 2
                Wauwatosa, Wisconsin 53226
                T: (414) 291-7979 / F: (414) 291-7960
                Email: krm@wbattys.com